UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARMEN ESCOBAR, Individually, and as
Administrator of the Estate of ROBIN EDGARDO
GENOVEZ, deceased,

                           Plaintiff,

      -against-

MERCY MEDICAL CENTER,

                          Defendant.
------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-cv-02101 (JMA) (ARL)

**FILED
CLERK**
9:09 am, Mar 07, 2022
**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

Carmen Escobar, individually, and as Administrator of the Estate of Robin Edgardo Genovez ("Plaintiff") originally brought this action in the New York State Supreme Court, Nassau County for medical malpractice, gross negligence, wrongful death, negligent retention and hiring, and loss of services. Mercy Medical Center ("Defendant") then removed the action to federal court and Plaintiff moved to remand the action to state court for lack of subject matter jurisdiction. Because this Court lacks subject matter jurisdiction over this action, Plaintiff's motion to remand is **GRANTED**.

## I. BACKGROUND

Defendant is the owner of Mercy Hospital, located in Rockville Centre, New York. (Compl., ECF No. 1-1 at ¶¶ 2–3.) Plaintiff's husband, decedent Robin Edgardo Genovez ("Decedent"), was a patient at Mercy Hospital. (Id. at ¶¶ 5, 28.) Decedent presented to the emergency department on April 8, 2020 and remained there through May 20, 2020. (Mem. of Law in Support of Mot. To Remand ("Mem. in Support"), ECF No. 21-1 at ¶¶ 4–5, 10.) He was

1

admitted to the hospital with a diagnosis of sepsis, acute respiratory failure, and later confirmed COVID-19, and was pronounced dead on May 20, 2020. (Id. at ¶¶ 5, 10.)

Plaintiff then filed this action in Supreme Court, Nassau County. (Id. at ¶¶ 11–12.) Defendant filed a Notice of Removal on April 16, 2021 on the basis of federal question, complete preemption, embedded federal question, and federal officer jurisdiction. (Not. of Removal, ECF No. 1.) Plaintiff then moved to remand the action to state court for lack of subject matter jurisdiction. (Mem. in Support at ¶ 2.)

## II.   DISCUSSION

To adjudicate an action removed from state court, a federal district court must have original jurisdiction pursuant to either 28 U.S.C. §1331 or 28 U.S.C. § 1332. See 28 U.S.C. § 1441. Under 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 62 (1987).

Defendant makes three arguments as to why removal was proper: (1) the Public Readiness and Emergency Preparedness Act, 42 U.S.C. §§ 247d-6d, 247d-6e (the "PREP Act") confers subject matter jurisdiction over Plaintiff's claims pursuant to the complete preemption doctrine; (2) there are substantial and disputed questions of federal law; and (3) the Court has subject matter jurisdiction pursuant to federal officer jurisdiction. The Court will address each argument in turn.

**A. Complete Preemption**

Defendant argues that PREP Act affords the Court subject matter jurisdiction over this action pursuant to the complete preemption doctrine. (Mem. of Law in Opp. of Mot. to Remand ("Mem. in Opp."), ECF No. 22-1 at 4-20.) The complete preemption doctrine applies when "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law

2

complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Rivera-Zayas v. Our Lady of Consolation Geriatric Care Ctr., 20-CV-5153, 2021 WL 3549878, at *2 (E.D.N.Y. 2021) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987)).  Thus, "[a] plaintiff may not defeat federal subject-matter jurisdiction by 'artfully pleading' his complaint as if it arises under state law where the plaintiff's suit is, in essence based on federal law."  Sullivan v. Am. Airlines, Inc., 424 F.3d 267, 271 (2d. Cir. 2005).  "[T]o determine whether a federal statute completely preempts a state-law claim within its ambit, [the court] must ask whether the federal statute provides the exclusive cause of action for the asserted state-law claim," and if so, the claim is removable under 28 U.S.C. §1441 (since the "asserted state-law claim is in reality based on federal law").  Id. at 275-76 (internal quotations omitted).

Defendant argues that the PREP Act preempts all asserted state law claims within its scope because it creates an exclusive federal cause of action for such claims.  (Mem. in Opp. at 5–6.) The PREP Act provides that

> a covered person shall be immune from suit and liability under Federal and State law with respect to all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure if a declaration [by the Secretary of Health and Human Services] has been issued with respect to such countermeasure.

42 U.S.C. § 247d-6d(a)(1).  In March 2020, the Secretary of Health and Human issued a declaration under the PREP Act regarding the COVID-19 pandemic which has since been amended.  85 Fed. Reg. 15,198 (Mar. 17, 2020).

The issue of whether the PREP Act is a complete preemption statute has already been thoroughly analyzed by this District in Dupervil v. Alliance Health Operations, LLC, 516 F. Supp. 3d 238 (E.D.N.Y. 2021) ("Dupervil").  In Dupervil, the plaintiff brought state law claims of negligence, gross negligence, wrongful death, and medical malpractice in New York State

3

Supreme Court related to the death of a COVID-19 patient that occurred while under the care of the nursing home defendants. Id. at 242. There, as here, the defendants removed the action to federal court arguing that the court had subject matter jurisdiction because, inter alia, the PREP Act completely preempted plaintiff's claims. Id. The Honorable Pamela K. Chen remanded the case back to state court, finding that the PREP Act is not a complete preemption statute because it "does not provide the exclusive cause of action for claims that fall within its scope." Id. at 249-250. The other district courts in this Circuit that have considered this issue have followed Dupervil. See Rivera-Zayas, 2021 WL 3549878, at *2; Leroy v. Hume, No. 20-CV-5323, 2021 WL 3560876, at *6 (E.D.N.Y. Aug. 12, 2021) ("Leroy"); Garcia v. New York City Health & Hosps. Corp., No. 20-CV-9970, 2021 WL 1317178, at *1 (S.D.N.Y. Apr. 8, 2021); Shapnik v. Hebrew Home for Aged at Riverdale, No. 20-CV-6774, 2021 WL 1614818 (S.D.N.Y. Apr. 26, 2021); see also Saldana v. Glenhaven Healthcare LLC, No. 20-56194, 2022 WL 518989, at *5 (9th Cir. Feb. 22, 2022) (finding that the PREP Act is not a complete preemption statute and that remand for lack of subject matter jurisdiction based upon complete preemption was proper). The Court agrees with the reasoning and conclusion in Dupervil and finds that Plaintiff's claims are not completely preempted by the PREP Act.

**B. A Substantial and Disputed Federal Question**

Defendant also argues that this Court has subject matter jurisdiction pursuant to Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g., 545 U.S. 308, 312 (2005), which held that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." (Mem. in Opp. at 20–22). This exception to the well-pleaded complaint rule applies to "a special and small category of cases," where "a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without

4

disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013) (internal quotation marks and citations omitted). If any of the four requirements is not satisfied, the exception does not apply. See Gunn, 568 U.S. at 258.

Defendant argues that this case raises "substantial and disputed questions of federal law" and, thus, the "case belongs in federal court." (Mem. in Opp. at 22.) In Dupervil, the court analyzed this argument and found that none of the plaintiff's claims "'necessarily' raise a federal issue." Dupervil, 516 F. Supp. 3d at 257-58; see Leroy, 2021 WL 3560876 at 6-7 (finding, on almost identical facts as this case, that plaintiff's claims do not necessarily raise a substantial federal issue within the meaning of Grable). The Court agrees and finds that none of Plaintiff's claims necessarily raise a substantial federal issue within the meaning of Grable.

## C. Federal Officer Jurisdiction

Defendant next argues that the case is removable under 28 U.S.C. §1442(a)(1), "federal officer jurisdiction." (Mem. in Opp. at 22–26.) Under this statute, a case may be removed if it is brought against "any officer (or any person acting under that officer) of the United States or of an agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. §1442(1)(a). Defendant argues that it was "acting under" the direction of the U.S. government, which was tasked with coordinating a "whole-of-nation response to the COVID-19 pandemic among federal, state, local, and private-sector entitles," in its treatment of COVID-19 positive patients. (Mem. in Opp. at 23–24.) Since hospitals and healthcare providers were identified as "critical infrastructure," Defendant contends this obligated them to "assist and carry out federal effort to treat and prevent the spread of COVID-19." (Id. at 22-25.) Therefore, Defendant claims to hold a "special relationship" with the federal government and their actions should receive the same protection as afforded to the federal government. (Id. at 25-26.)

5

This argument was already analyzed in full in Dupervil and Leroy, which found that federal officer removal was improper in analogous circumstances. Dupervil, 516 F. Supp. 3d at 259-61; Leroy, 2021 WL 3560876 at *7. In Dupervil, the court found that since the defendants did not demonstrate a "special relationship" with the U.S. government (a relationship more than just a "highly regulated" private person or entity complying with federal laws and regulations), defendants could not establish they are persons "acting under" a federal officer for the purposes of the federal-officer removal statute. Dupervil, 516 F. Supp. 3d at 259-61. The Court finds that the same analysis and conclusion apply here.

Accordingly, the Court lacks subject matter jurisdiction and **GRANTS** Plaintiff's motion to remand to state court.

### D. Attorney's Fees and Costs

Finally, Plaintiff requests costs, attorney's fees, and expenses. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court denies Plaintiff's request for costs and attorney's fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The Court finds that Defendant's position, while ultimately incorrect, was at least objectively reasonable and there are no unusual circumstances here that otherwise warrant an award of costs and fees to Plaintiff.

6

### III. CONCLUSION

For the reasons set forth above, the Plaintiff's motion to remand is **GRANTED** and the Court **DENIES** Plaintiff's request for attorney's fees and costs. The Clerk of the Court is directed to remand this case to the Supreme Court, Nassau County and close this case.

**SO ORDERED.**

Dated: March 7, 2022
      Central Islip, New York

                                            /s/ (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE